## ROADS v. GARMAN.

Appeal: FROM GENERAL TERM. The General Term is an intermediate appellate tribunal provided by law for a substantial purpose, and causes taken on appeal thereto should be there argued, examined and decided with appropriate and befitting care. An affirmance by consent with a view to an ultimate appeal to the Supreme Court ought not to be allowed by the General Term.

*Appeal from General Term First District (Des Moines).*

WEDNESDAY, JUNE 23.

APPEALS: GENERAL TERMS: PARTNERSHIP ACCOUNTS, ETC. — Bill to settle partnership accounts. The cause was referred to a referee, who made a statement of the accounts, which was modified by the District Court and a decree entered in favor of the plaintiff for $357.90, with an order that each party should pay his own costs.

The decree was affirmed *pro forma* by the General Term, whereupon the defendant prosecuted an appeal to this court.

*Tracy & Newman* for the appellant.

*J. C. & B. J. Hall* for the appellee.

DILLON, Ch. J. — One object of the act of 1868 creating Circuit Courts and General Terms was to relieve

Roads v. Garman.

**1. APPEAL: from General Term.** the Supreme Court, in part, of the large and increasing amount of business before it. The General Term is an intermediate appellate tribunal provided by law for a substantial purpose. It is contemplated that appeals shall be taken in the first instance thereto ; that the causes shall be there argued, examined and decided with appropriate and befitting care, and it was supposed by the legislature that in many instances the parties would be satisfied with the judgment of that court.

It would be clearly incompetent for parties to waive an appeal to that court and bring their causes directly to this court. If the General Terms shall, as a rule, affirm appeals *pro forma*, it is an expensive and useless appendage to the judicial system, and the sooner it is lopped off the better. We are led to make these observations because the remodeled judicial system has just begun its practical operation, and, in many of the appeals from the General Terms, the record, as in the case now before us, frankly states that the judgments appealed from were affirmed *pro forma.*

We trust the judges of the General Term will insist that attorneys shall not evade the legislation of 1868 by consenting to *pro forma* affirmances, or if counsel do consent, that the court will refuse to become parties to such an arrangement.

The present appeal presents a cause in which there is not a single controverted question of law. The controversy relates wholly to questions of fact, and the amount in difference is small. It can scarcely be supposed, that if the cause had been argued before the General Term by counsel with the same care with which it has been presented to us, and had, upon full examination, been decided by it, that there would have been any reason to complain of the result. Certain it is, in view of

the purpose of the legislature in enacting General Terms, that affirmances by consent, with a view to an ultimate appeal to the Supreme Court, ought not to be allowed. The judges owe it to themselves and to the law not to permit this to be done, and to decide every appeal upon examination, and not without examination.

Turning, as the cause does, wholly upon a few disputed facts, we content ourselves with stating generally that an examination of the pleadings, exhibits and testimony satisfies us that the judgment of the District Court was not unfavorable to the appellant.

Both the referee and District Court allowed the $200 mentioned in the receipt, and this conclusion is the one best warranted by the evidence. The District Court increased the allowance of the master for keeping the horses from thirty to forty cents per day. The appellant claims that he should have been allowed fifty cents. The District Court likewise increased the allowance for keeping the mules from twenty cents per day to twenty-five cents. Appellant claims more. In our judgment the amount allowed by the District Court is all that appellant, under the agreement, can fairly claim.

We perceive no reason, under the testimony, for allowing to the appellant, in consequence of appellee's injunction suit, any thing in the way of damages, or what is the same thing, charging him with the whole cost of keeping the stock after that time. The account might be stated somewhat differently from the mode adopted by the District Court, but the result would not be essentially different.

Affirmed.